831 P.2d 949

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Jeffery Dwayne ADMYERS, Defendant–Appellant.**

**No. 19518.**

Court of Appeals of Idaho.

May 4, 1992.

Petition for Review Denied June 18, 1992.

Alan E. Trimming, Ada County Public Defender, Richard D. Toothman, Deputy Public Defender, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

This is a sentence review case. Pursuant to a plea agreement where other charges were dropped, Jeffery Dwayne Admyers pled guilty to robbery. I.C. § 18–6501. Admyers received an indeterminate life sentence with a minimum term of confinement of twenty years. In addition, Admyers was ordered to pay $9,476.97 in restitution to the victim for medical expenses. Admyers appeals, contending that the court abused its sentencing discretion by imposing a twenty-year fixed minimum period of confinement. We affirm.

On May 22, 1991, Admyers, who was an acquaintance of the victim, entered the victim's auto parts store and asked about a certain part. Admyers left the store, but a short while later, he reentered the store and approached the victim from behind, put

his arm around the victim's neck, choked the victim so that the victim could not breathe, and stated "This is a robbery, no joke." Admyers led the victim to the cash register, directed the victim to open it, and removed money. Admyers kept the victim in the choke-hold until the victim became unconscious. At this point, Admyers released the victim from the choke-hold, and the victim fell face-first to the concrete floor. Later that day, Admyers was taken into custody with blood on his clothes and shoe. Admyers testified that the victim had vomited blood while in the choke-hold. The victim did not testify to that fact, only that he could not remember what happened after he lost consciousness. The victim was hospitalized for almost a week for a broken nose, fractured larynx, and several cuts and bruises.

Admyers was charged with robbery, I.C. § 18–6501; second degree burglary, I.C. §§ 18–1401, –1402, –1404; second degree attempted murder, I.C. §§ 18–4001, –4002, –4003, –306; and with being a persistent violator of the law. I.C. § 19–2514. At the same time, Admyers was charged in a separate case with delivery of a controlled substance. Following Admyers's agreement to plead guilty to robbery, the state dismissed the separate drug case and all of the other charges.

■ The maximum punishment for robbery is life imprisonment. I.C. § 18–6503. Because Admyers's sentence is within the statutory maximum, it is not illegal. Where as here, "the sentence is not illegal, the defendant has the burden to prove that it is unreasonable, and thus a clear abuse of discretion." *State v. Broadhead*, 120 Idaho 141, 144–45, 814 P.2d 401, 404–05 (1991).

■ Where reasonable minds may differ as to the length of a sentence, the sentence will not be overturned. *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App.1982). In *Toohill*, the Court stated:

a term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case.

*Toohill*, at 568, 650 P.2d at 710. Where a sentence is imposed under the Unified Sentencing Act of 1986, we treat the fixed portion of the sentence as the term of confinement for appellate review purposes. *State v. Broadhead, supra.*

■ Admyers contends that the district court abused its discretion by imposing the fixed twenty-year portion of his sentence. Admyers contends that his testimony—admitting that he robbed the victim for the purpose of recovering a drug debt—was not given sufficient mitigating weight by the judge. Admyers stated that he did not enter the store with the intent to rob the victim, but that the robbery resulted from his remaining in the store, drinking beer after leaving the store for a short time, and becoming increasingly angry. Admyers maintains that the fact he did not disguise himself supports his contention that he did not intend to commit the crime. Furthermore, Admyers contends that, had he wanted to, he could have killed the victim, and without a witness, he possibly would never have been apprehended. Admyers concedes that the judge acknowledged the mitigating effect of Admyers's sexual abuse at age twelve and his drug addiction, however, Admyers contends that the judge did not give these background facts the weight they deserved in mitigation.

We disagree with Admyers's contention that the district court abused its sentencing discretion. Admyers has an extensive criminal record, both as a juvenile and an adult. Admyers's juvenile offenses consisted of mostly misdemeanors, such as theft. When Admyers reached the ages of eighteen and nineteen, however, he quickly turned to more serious crimes involving armed robbery, burglary and more serious drug-related offenses. In 1980, Admyers escaped from the Nez Perce County Jail. After approximately two and one-half months, he was apprehended and convicted on two counts of first degree burglary, delivery of a controlled substance, escape, and robbery. Thereafter, Admyers served

seven years at the Idaho State Correctional Institution.

A police officer who had dealt with Admyers in Lewiston several years previously testified at the sentencing hearing. The officer recounted prior conversations with Admyers at the Nez Perce County Jail after recapturing him following Admyers's escape. Admyers told the officer that his mistake was not that he had committed the burglary, robbery, and delivery of controlled substance crimes, but that he had left witnesses who could identify him, and that he had trusted friends who let him down by giving information to the police. The officer recalled that Admyers was manipulative and showed little remorse for his victims. Admyers had informed the officer that he was aware that he utilized his charm and friendliness to commit crimes and avoid recapture. Admyers also told the officer that he was amused by the fear that overcame people who were victims of crimes such as armed robbery. It seems apparent that Admyers has not changed substantially in the last twelve years.

Our independent review of the record, focusing on Admyers's character and the circumstances of the robbery, lead us to conclude that the court did not abuse its sentencing discretion. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982). Admyers had committed several serious felonies since early adulthood. In addition to the charges that were dismissed as part of the plea bargain, Admyers's presentence investigation report reflects that, in 1991, he was also charged with DUI, failure to appear, and possession of marijuana. Although there exists an eleven-year time span between Admyers's last two convictions, he was incarcerated for seven of those years. Admyers informed the court that he has alcohol and drug problems. Within the year prior to sentencing, Admyers completed a 28–day drug treatment program at the New Hope Center and was advised to attend Alcoholics Anonymous; however, he began drinking within one week of the program's termination. Admyers's character as reflected by his actions indicates a willingness to commit serious felonies without much remorse, preferring to blame his actions on substance abuse. Admyers has demonstrated that he is not willing or motivated to control his alcohol and drug problems.

As the district judge noted, the crime at hand was very serious, involving grave bodily injury and the taking of approximately $400. The victim's injuries were substantial, and aside from the state's intimation that Admyers may have beaten the victim after he lost consciousness, Admyers's own version that he simply dropped the unconscious victim face-first to a concrete floor while the victim was vomiting blood gave rise to a risk of possible "fatal harm" to the victim. The judge was concerned, justifiably, that Admyers "presents a very serious harm to society." The court noted that although Admyers's parents divorced when he was seven, he has had considerable family support, and that he has a number of gifts and talents. The court stated that the major problem exhibited by Admyers was not his drug abuse, but rather "his callous disregard for the requirements of society and for the basic human rights of other people." The judge stressed that because of the great need to protect society, the need to deter people, including those in prison, the need for retribution or punishment in this particular case, a lengthy period of incarceration was reasonable.

We agree with the district judge. Admyers has not shown that the imposition of a twenty-year minimum term of confinement was a clear abuse of discretion. The judgment of conviction, including the sentence, is affirmed.

WALTERS, C.J., and SILAK, J., concur.