892 P.2d 484

**STATE of Idaho, Plaintiff–Appellant,**

v.

**Orson Ned SEAMONS, Defendant–Respondent.**

No. 21214.

Court of Appeals of Idaho.

March 23, 1995.

Alan G. Lance, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., Boise, for appellant. Michael A. Henderson, argued.

Carol L. Shephard, Spokane, WA, for respondent.

PERRY, Judge.

In this case we must decide whether, after acquittal on one charge, I.C. § 18–301 bars retrial of any lesser included offenses upon which the jury was unable to reach a verdict. We conclude that I.C. § 18–301 does not prohibit a retrial.

## FACTS AND PROCEDURE

In September of 1993, Orson Seamons was charged with attempted rape, I.C. § 18–6101 and § 18–306, and battery with intent to commit a serious felony (rape), I.C. § 18–912 and § 18–903. These charges resulted from an alleged attack on a Blaine County woman. Seamons pled not guilty to both counts and went to trial before a jury.

Prior to trial, defense counsel sought a ruling, through a motion in limine, that attempted rape was a lesser included offense of the charge of battery with intent to commit rape. The prosecution agreed and so stipulated. The state then filed an amended information charging one count of battery with intent to commit a serious felony. The district court indicated that it would instruct the jury that attempted rape was a lesser included offense of battery with intent to commit a serious felony and would submit an appropriate verdict form to the jury.

The testimony at trial by both Seamons and the victim indicated that the two had met in the Silver Dollar Bar in Bellevue and then drove up Bell Mountain in Seamons' pickup. The main focus of the trial was upon the events that transpired after the truck pulled off the road about halfway down the mountain. According to the victim, after a brief amount of consensual kissing, Seamons touched her breasts, at which point she indicated she was not interested in sex. The victim testified that Seamons then attacked her and unsuccessfully attempted intercourse. After a brief struggle, the victim got out of the truck. When Seamons followed to try to convince her to get back in the truck, she struck him with a cooler. The victim was eventually knocked to the ground by what she believed was a blow to the face from Seamons' fist. Seamons initially drove away from the scene but returned shortly thereafter. The victim testified she hid from Seamons when he returned. The victim then walked home when she was certain Seamons was gone.

Seamons agreed that the two were in the truck but claimed that there was no indication that the victim did not consent until she stated, "what are you going to do rape me?" At this point, Seamons testified, he ceased all contact with the victim, who then appeared to become angry, got out of the truck and began walking. Seamons admitted apologizing, thinking he had misunderstood the victim, and trying to get her to come back to the truck so he could drive her home. He asserted that the victim, however, became hysterical and began striking him. Seamons testified that he did not strike the victim, but pushed the cooler away as she tried to hit him with it a second time. Seamons believed the cooler then struck her in the face. The physical evidence introduced at trial indicated that the victim had been struck in the face and had various bruises and marks. Seamons also had a number of scratch marks on his face as well as a bite mark on his chest.

After eight hours of deliberation, the jury reported that it was unable to reach a verdict in the case. The district court discharged the jury and retrieved the blank verdict form. Later discussions with the jury revealed, however, that they had unanimously agreed to acquit Seamons on the charge of battery with intent to commit a serious felony but had been unable to reach a unanimous verdict on the lesser included offense of attempted rape. Defense counsel then filed a motion for judgment of acquittal, arguing that there was a "strong reason to believe that the jury reached a verdict of not guilty on the 'greater' charge of battery with intent to commit a serious felony ..." The motion also sought a ruling, based on I.C. § 18–301, that Seamons could not be further prosecuted for attempted rape because it stemmed from the same acts as the charge of battery with intent to commit a serious felony.

At the hearing on the motion for judgment of acquittal, the state stipulated that the jury reached a unanimous verdict of not guilty on the charge of battery with intent to commit a serious felony. The district court granted the motion for judgment of acquittal on that charge and, finding that I.C. § 18–301 barred any further prosecution of the lesser included offenses, dismissed the action. The state appeals, claiming that I.C. § 18–301 should not bar a retrial for the attempted rape.

## ANALYSIS

We first note that the parties agreed, by stipulation, that under the facts of this case

attempted rape is a lesser included offense of battery with intent to commit a serious felony. This agreement has not been challenged by either party on appeal. Thus we will conduct our analysis by assuming, without deciding, that attempted rape is a lesser included offense of battery with intent to commit a serious felony.

We further note that whether I.C. § 18–301 bars retrial on undecided lesser included offenses is a question of law. Over such questions, we exercise free review. *State v. O'Neill,* 118 Idaho 244, 245, 796 P.2d 121, 122 (1990).

In addition to the double jeopardy provisions of Article I, Section 13 of the Idaho Constitution and the Fifth Amendment of the United States Constitution, I.C. § 18–301 provides protection against multiple punishments for the same act or acts.[1] Section 18–301 states:

> Acts punishable in different ways—Double Jeopardy.—An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other.

■ This section has been held to provide a greater scope of protection than the constraints of double jeopardy found in the Idaho and United States Constitutions. *State v. Chapman,* 112 Idaho 1011, 1012, 739 P.2d 310, 311 (1987). The focus of I.C. § 18–301 is on the act or acts committed by the defendant, rather than on the elements of the charges brought. *State v. Ledbetter,* 118 Idaho 8, 13, 794 P.2d 278, 283 (Ct.App.1990). Thus, if a defendant's single act creates liability under two criminal statutes, the defendant can only be punished under one of the statutes. *State v. Horn,* 101 Idaho 192, 197, 610 P.2d 551, 556 (1980). Similarly, once a defendant is convicted or acquitted in a prosecution under one of the statutes, subsequent

prosecutions under a different statute, based on the same act or acts, is also barred.

Idaho Code § 18–301 provides two distinct protections, one from multiple punishment and one from multiple prosecution. In this case we are only concerned with the latter, as Seamons has already been acquitted of battery with intent to commit a serious felony and no punishment can result therefrom. Our focus is on the term "prosecution," which is neither defined nor qualified in the statute. Thus, we must decide whether the term "prosecution," as used in the statute, is meant to include a retrial on lesser included offenses considered but not decided by unanimous jury verdict in the initial trial.

If a jury is unable to reach a verdict, a mistrial may be declared and a new trial ordered. Both I.C.R. 29.1(c) and I.C. § 19–2207 authorize a retrial. Idaho Code § 19–2207 states:

> Retrial after discharge of jury.—In all cases where a jury are [*sic* ] discharged or prevented from giving a verdict by reason of an accident or other cause, except where the defendant is discharged from the indictment during the progress of the trial or after the cause is submitted to them, the cause may be again tried at the same or another term.

In this case, if the jury had been unable to reach a verdict on the battery with intent to commit a serious felony charge, a retrial would have been permissible.

The question here, however, is whether a retrial is possible on lesser included offenses on which a jury is unable to reach a unanimous verdict after acquittal on the main charge. To answer this question, we examine the relationship between I.C. § 18–301 and I.C. § 19–2207. We must determine whether I.C. § 18–301 was meant to prohibit retrials of lesser included offenses in situations like the one before us in this case.

■ When construing two separate statutes that deal with the same subject matter, the statutes should be construed harmoniously, if at all possible, so as to further the

---

1. Idaho Code § 18–301 has been repealed effective February 13, 1995. Act of February 13, 1995, ch. 16, 1995 Idaho Sess. Laws ____.

legislative intent. *State v. Maland,* 124 Idaho 537, 540, 861 P.2d 107, 110 (Ct.App.1993). Similarly, in determining the legislative intent, we should examine the reasonableness of the proposed interpretations and the policy behind the statutes so that all of the applicable sections can be construed together. *J.R. Simplot Co., Inc. v. Idaho State Tax Comm'n,* 120 Idaho 849, 854, 820 P.2d 1206, 1212 (1991); *Umphrey v. Sprinkel,* 106 Idaho 700, 682 P.2d 1247 (1983).

■ The intent of I.C. § 18–301 is to prevent the harassment through successive prosecutions that result from a single act or set of acts committed by a defendant. Once a determination has been made regarding the criminality of an act or acts, a defendant should not be forced to stand trial again on related offenses stemming from those same acts which were not included in the original prosecution. We do not believe, however, that the legislature intended I.C. § 18–301 to prohibit retrials for lesser included offenses upon which a jury was instructed but was unable to reach a unanimous verdict. A defendant's interest in being free from multiple prosecutions and punishments is not violated by a subsequent trial within the course of the same prosecution to settle unresolved charges. Barring unresolved lesser charges does, however, violate the vital interest the public has in effective and final disposition of criminal offenses. When faced with the two possible interpretations of I.C. § 18–301, we find prohibiting retrials on lesser included offenses that were submitted to the jury in the original trial but remained undecided would be unreasonable and would not further the policy considerations that inspired passage of the statute. Allowing such retrials, however, is reasonable and allows I.C. §§ 18–301 and 19–2207 to be reconciled harmoniously.

We note that California, which has a statute nearly identical to I.C. § 18–301, has considered the same issue and has reached the same conclusion. In considering Cal.Penal Code § 1023, the California Supreme Court stated:

> We hold that when a jury acquits a defendant of an offense, section 1023 does not bar a retrial for an offense necessarily included therein on which the jury is unable to agree, regardless of whether the lesser included offense is charged in a separate count. Defendant herein has no constitutional interest in preventing his retrial for manslaughter; in contrast, there is an important public interest in finally determining whether he committed that offense.

*Stone v. Superior Court of San Diego County,* 31 Cal.3d 503, 183 Cal.Rptr. 647, 646 P.2d 809, 822 (1982).

It is important, however, to distinguish between those cases in which the jury has been instructed on lesser included offenses and is unable to reach a unanimous verdict and those where such instructions are not given. A new trial based on lesser included offenses where the jury was not instructed on them in the first trial would constitute a separate and new prosecution, violating I.C. § 18–301. We hold that the term "prosecution," as used in I.C. § 18–301, includes separate and new prosecutions but was not meant to include the continuation of a prosecution by retrial of unresolved charges. Thus, our decision today is limited to those instances where a jury is instructed as to lesser included offenses and, while acquitting on the main charge, is unable to reach a unanimous verdict on one or more of the lesser included offenses. In such a case, I.C. § 18–301 does not bar a retrial and continued prosecution on the lesser included offenses which the jury was unable to resolve.[2]

## CONCLUSION

In this case, the district court erred by holding that Seamons could not be retried on the attempted rape charge. Idaho Code § 18–301 does not bar the retrial of a lesser included offense when a jury has acquitted

---

2. Idaho Code § 19–1719 is similar to I.C. § 18–301 with the exception that it bars only the recharging of the defendant once an acquittal or conviction is entered as to one charge. The same analysis we have applied in the case at bar applies to I.C. § 19–1719 as well. Thus, we believe it is permissible to refile on the lesser included offenses provided the jury was instructed on such offenses at the original trial and was unable to reach a unanimous verdict thereon.

the defendant as to the main charge but is unable to reach a unanimous verdict as to the lesser included offenses. In order for such a retrial to be permissible, however, the jury must have been instructed on and allowed to consider the lesser included offenses at the original trial. Therefore, we affirm the order of the district court insofar as it entered the judgment of acquittal on the charge of battery with intent to commit a serious felony, but we reverse that portion of the order barring a retrial on the charge of attempted rape.

WALTERS, C.J., and LANSING, J., concur.