908 P.2d 156

STATE of Idaho, Plaintiff–Respondent,

v.

Dennis G. COLWELL, Defendant–Appellant.

No. 21721.

Court of Appeals of Idaho.

Nov. 30, 1995.

Petition for Review Denied Dec. 28, 1995.

**856**

William M. Appleton, Coeur d'Alene, argued for appellant.

Alan G. Lance, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent. John C. McKinney argued.

WALTERS, Chief Judge.

Dennis G. Colwell appeals from a judgment of conviction and the sentence imposed on a charge of sexual abuse of a minor. He argues that his retrial and conviction violates the double jeopardy provisions of the United States and Idaho Constitutions and the statutory principles set forth in former I.C. § 18–301.[1] He also claims that the principles of collateral estoppel were violated because he was tried twice for lewd conduct even though the amended information charged him with sexual abuse of a minor. Colwell further asserts that the district court erred by imposing a harsher sentence after retrial than was initially imposed for the same offense. For the reasons explained below, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

In 1991, Dennis G. Colwell was charged with one count of lewd conduct with a minor pursuant to I.C. § 18–6607 (now codified as I.C. § 18–1508). The information filed by the state read as follows:

> That the defendant, DENNIS G. COLWELL, ... did wilfully and lewdly, commit a lewd and lascivious act upon the body of a minor, A.C., under the age of sixteen years ... by ... placing his erect penis in the vagina of said minor child, A.C., with the intent to appeal to and gratify the sexual desire of the defendant....

At trial, the jury was also instructed on the lesser included offense of sexual abuse of a minor, I.C. § 18–1506. The jury found Colwell guilty only of the sexual abuse offense. Colwell filed a motion for judgment of acquittal, or alternatively for a new trial, asserting that based upon the instructions given by the district court, the jury may have found him guilty for conduct with which he had never been charged. The district court denied the motion and Colwell appealed. This Court reversed the district court's order, vacated the judgment of conviction, including the sentence, and remanded the case to the district court for further proceedings. *State v. Colwell*, 124 Idaho 560, 861 P.2d 1225 (Ct.App. 1993). We noted that, because Colwell had been acquitted of the lewd conduct charge, he could not be retried for that offense but he could be retried for sexual abuse of a minor.

After remand, the state moved to amend the information to specify the charge of sexual abuse of a minor under sixteen. Colwell's objection to the state's motion was denied; however, the district court ruled that Colwell could not be charged with the same act alleged in the first information. The state then filed an amended information which read, in pertinent part:

> That the defendant, DENNIS G. COLWELL, ... did have sexual contact with A.C., a child under the age of sixteen, ... by ... holding the wrists of A.C., removing the shorts of A.C., exposing his own genitals, and lying on top of A.C. with his genital area touching the genital area of A.C., with the intent to gratify the sexual desire of the defendant and/or the child.

After a jury trial, Colwell was found guilty of the sexual abuse charge. The court imposed a unified sentence of twelve years with a four and one-half year minimum period of confinement. Colwell appeals from the judgment of conviction and the sentence imposed.

### ISSUES

Colwell asserts that the trial court erred in allowing the state to file the amended infor-

---

1. Idaho Code § 18–301 was repealed by S.L. 1995, ch. 16, § 1, effective February 13, 1995. The statute is applicable to this case because the conduct of which Colwell was accused occurred prior to February 13, 1995.

mation and in retrying him essentially on the lewd conduct charge, of which he had been acquitted. Colwell argues that his constitutional and statutory protections from double jeopardy were violated, as well as were the principles of collateral estoppel. Furthermore, Colwell submits that the district court erred by imposing a harsher sentence after retrial than had been imposed for the same offense following the first trial.

## DISCUSSION

### I. DOUBLE JEOPARDY

**A. Constitutional Double Jeopardy**

Colwell argues that although the amended information charged him with sexual abuse of a minor, he was essentially retried on the lewd conduct charge. Colwell asserts that the state used the same facts in the second trial to establish the elements of sexual abuse as were used in the first trial to establish the elements of lewd conduct. He claims that even though the state changed the description of Colwell's conduct from "placing his erect penis in the vagina of said minor child" to "lying on top of A.C. with his genital area touching the genital area of A.C.," the state tried him again for the charge of lewd conduct.

■ The constitutional prohibition against double jeopardy safeguards a defendant from conviction for both a greater and a lesser included offense. *State v. McCormick,* 100 Idaho 111, 113, 594 P.2d 149, 152 (1979). The double jeopardy clause also protects against a subsequent prosecution for the same offense after acquittal, protects against another prosecution for the same offense after conviction, and protects against multiple punishments for the same offense. *State v. Pizzuto,* 119 Idaho 742, 756, 810 P.2d 680, 694 (1991). The test to be applied to determine whether there are two offenses or only one is whether each offense requires proof of an additional fact which the other does not. *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932); *Matthews v. State,* 113 Idaho 83, 85, 741 P.2d 370, 372 (Ct.App.1987).

■ The elements for the crime of lewd conduct with a minor and the elements for the crime of sexual abuse of a minor are different, as are the facts required to prove each offense. Idaho Code § 18–1508, as in effect at the time of the offense, set forth the elements for lewd conduct as follows:

Any person who shall wilfully and lewdly commit any lewd or lascivious act or acts upon or with the body or any part or member thereof of a minor or child under the age of sixteen (16) years, including but not limited to, genital-genital contact, oral-genital contact, anal-genital contact, oral-anal contact, manual-anal contact, or manual-genital contact, whether between persons of the same or opposite sex, or who shall involve a minor or child in any act of bestiality or sado-masochistic abuse or lewd exhibition as any of such acts are defined in section 18–1507, Idaho Code, when any of such acts are done with the intent of arousing, appealing to, or gratifying the lust or passions of sexual desires of such person or of such minor or child, shall be guilty of a felony and shall be imprisoned in the state prison for a term of not more than life.

The elements of sexual abuse pursuant to I.C. § 18–1506, as it read at the time of the offense, were, in pertinent part, as follows:

(1) Any person eighteen (18) years of age or older who shall:

(a) solicit a minor child under the age of sixteen (16) years to participate in a sexual act, or

(b) who shall cause or have sexual contact with such a child, not amounting to lewd conduct as defined by section 18–1508, Idaho Code, or ...

(2) For the purposes of this section "solicit" means any offensive written, verbal, or physical act which is intended to communicate to the child the actor's desire to participate in a sexual act or participate in sexual foreplay, or the actor's desire to gratify lust by the means of photographing or observing the child engaged in sexual contact.

(3) For the purposes of this section "sexual contact" means any physical contact between the child and the actor, or between

children which is caused by the actor, or the actor causing the child to have self contact, any of which is intended to gratify the lust or sexual desire of the actor or a third party.

The elements of these two crimes are distinct because sexual abuse of a minor involves "sexual contact with such a child, not amounting to lewd conduct as defined by I.C. § 18–1508." I.C. § 18–1506; *see also State v. Drennon,* 126 Idaho 346, 354, 883 P.2d 704, 712 (Ct.App.1994). Here, the alleged act upon which the lewd conduct was based was penile penetration. Because the jury did not find Colwell guilty of the lewd conduct charge, it essentially found that such an act did not occur. Inasmuch as Colwell was retried on a different charge, which was comprised of different elements and required different facts than the lewd conduct charge, Colwell has failed to show that he was retried on the lewd conduct offense. We find no merit to Colwell's constitutional double jeopardy claim.

## B. Statutory Double Jeopardy

Colwell also claims that by charging him with genital-genital contact in the amended information, the state violated his statutory protection against double jeopardy pursuant to former I.C. § 18–301.

Idaho Code § 18–301 provided:

An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other.

■ Constitutional constraints on double jeopardy relate to retrial or reconviction for the same criminal charge, while I.C. § 18–301 prohibits punishment on charges of different crimes based on the same act of the defendant. *State v. Chapman,* 112 Idaho 1011, 1012, 739 P.2d 310, 311 (1987); *State v. Ledbetter,* 118 Idaho 8, 13, 794 P.2d 278, 283 (Ct.App.1990). Thus, it is clear that I.C. § 18–301 exceeds the scope of constitutional constraints on double jeopardy. *Chapman,*

112 Idaho at 1012, 739 P.2d at 311. If a defendant's single act or set of acts creates liability under two criminal statutes, the defendant can be punished under only one of the statutes. *Id.; State v. Horn,* 101 Idaho 192, 197, 610 P.2d 551, 556 (1980). Similarly, once a defendant is convicted or acquitted in a prosecution under one of the statutes, subsequent prosecutions under a different statute, based on the same act or set of acts, is also barred. *State v. Seamons,* 126 Idaho 809, 812, 892 P.2d 484, 487 (Ct.App.1995). However, I.C. § 18–301 does not prohibit retrial on an included offense where the jury acquits on the greater offense but is unable to reach a verdict on the included offense. *Id.*

■ Colwell was not retried on the act of penile penetration upon which the lewd conduct charge was based. The record is clear that he was retried on the alleged preparatory acts leading to the penile penetration. Therefore, because the sexual abuse charge was based upon a different set of acts than was the charge of lewd conduct, we conclude that there was no violation of I.C. § 18–301.

## II. COLLATERAL ESTOPPEL

Next, Colwell argues that use of evidence of genital-genital contact to prove an element of the sexual abuse crime charged in the amended information violates the collateral estoppel component of the double jeopardy clause. We disagree.

■ When an issue of ultimate fact has been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. *Ashe v. Swenson,* 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970); *State v. Powell,* 120 Idaho 707, 709, 819 P.2d 561, 563 (1991). For the collateral estoppel doctrine to apply, the particular issue must have been necessary to support the prior judgment. *Schiro v. Farley,* 510 U.S. 222, ——, 114 S.Ct. 783, 790–91, 127 L.Ed.2d 47, 58 (1994). In a criminal case, there is no collateral estoppel bar if a rational jury could have grounded its verdict upon a different issue in the prior proceeding. *Id.* The moving party bears the burden of demonstrating

that the issue whose relitigation he seeks to foreclose was actually decided in the first proceeding. *Farley,* 510 U.S. at ——, 114 S.Ct. at 791, 127 L.Ed.2d at 59; *see also Dowling v. United States,* 493 U.S. 342, 350, 110 S.Ct. 668, 673, 107 L.Ed.2d 708, 718–19 (1990).

■ A rational jury in Colwell's first trial could have acquitted him on the lewd conduct charge solely on the ground that it found no penetration had occurred. However, it is not evident that the jury concluded that acts preparatory to the actual penetration did not occur. The first jury's verdict of guilty on the sexual abuse charge suggests otherwise. Therefore, Colwell has failed to meet his burden of proving that the preparatory acts discussed above were used by the jury to support its acquittal on the lewd conduct charge. Colwell has not shown that the principles of collateral estoppel were violated.

## III. SENTENCE ON RETRIAL

Finally, Colwell asserts that the district court erred in imposing a harsher sentence after the second trial than had been imposed for the same offense upon the first trial. The difference between the two sentences exists with respect to the minimum periods of confinement ordered by the district judges who presided over each of the proceedings. Following the first conviction for sexual abuse, Judge Haman imposed a unified sentence of twelve years, with a minimum period of confinement of three years. When the case was remanded for retrial, it was reassigned to Judge Michaud. Following the trial on the amended information, Judge Michaud also imposed a unified sentence of twelve years, but specified four and one-half years as the minimum period of confinement.

■ We are guided in our analysis by the following principles. Whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for doing so must affirmatively appear. *State v. Robbins,* 123 Idaho 527, 530, 850 P.2d 176, 179 (1993), *citing North Carolina v. Pearce,* 395 U.S. 711, 726, 89 S.Ct. 2072, 2081, 23 L.Ed.2d 656, 670 (1969). This rule implies a presumption of vindictiveness, which may be overcome only by objective information in the record justifying the increased sentence. *Robbins,* 123 Idaho at 530, 850 P.2d at 179. However, when the sentence is pronounced by a different judge, the presumption does not apply and the defendant must show actual vindictiveness. *Robbins,* 123 Idaho at 532, 850 P.2d at 181.

■ Here, Judge Michaud provided the following explanation during the sentencing hearing for the sentence he imposed after the second trial:

It's my personal opinion that no harsher sentence should be imposed in this case simply because there was a different Judge, although Idaho law permits that. It's my personal view that I will—should state for the record the reasons for the harsher sentence and ... [there] are essentially two reasons that I've already eluded to.

The first is that the ... record continues to show that the Defendant has problems with anger control. And this is extremely important because of what is shown in the record that was even before Judge Haman and that is the Defendant's tendency to ... [manipulate] ... others which is well detailed in the evidence as well as the presentence [report].

And then there's the second reason ... and that is that the Defendant has ... had [the] opportunity to participate in the prison system and has ... had [the] opportunity to learn its workings in terms of entitlement to and likelihood of success in a parole hearing by recognizing his guilt and accepting responsibility for his actions.... And I don't mean to suggest that a Defendant should ever give up his right to put the State to their proof but this case goes beyond that because the Defendant has, in my view, taken a witness stand and ... made false statements in an effort to acquit himself, to obtain acquittal before the jury, and no Defendant has any legal right to commit perjury.

....

... And so because of this refusal to accept responsibility and recognize wrongdoing, it's the judgment of the Court that [a] ... more severe penalty should be im-

posed for the protection of society which is the primary goal of sentencing.

The Defendant has had ample opportunity to and has declined to engage in rehabilitation in the area where it counts and take all the classes that the Department of Corrections would have to offer but they would be irrelevant unless and until the Defendant ... in this case would recognize and accept wrongdoing, and the necessary remorse and rehabilitation can only follow after that. And that's not happened and it does not appear likely to happen from what record we have here.

Based on these circumstances, we hold that Colwell has not demonstrated actual vindictiveness by Judge Michaud in imposing the sentence. *Robbins,* 123 Idaho at 532, 850 P.2d at 181.

## CONCLUSION

The district court did not err either in allowing the state to file the amended information or in retrying Colwell on the sexual abuse charge. The court also did not err by imposing a different sentence after retrial.

The judgment of conviction and sentence are affirmed.

PERRY, J., concurs.

LANSING, J., concurs in the result.