13 P.3d 1261

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Charles T. SHEPHERD, Defendant–Appellant.**

No. 26067.

Court of Appeals of Idaho.

Nov. 14, 2000.

Ronaldo A. Coulter, State Appellate Public Defender; Molly J. Huskey, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Alan G. Lance, Attorney General; Alison A. Stieglitz, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

Charles T. Shepherd appeals from the sentence he received upon his conviction for robbery.

Shepherd was involved in an accident while driving a car that he had just stolen. When Donald Fussell stopped at the accident scene to help, Shepherd leapt into Fussell's pickup and started to drive off. Fussell jumped onto the bed of the pickup and pounded on the roof and window in an effort to stop Shepherd, who nonetheless sped away. Fussell apparently fell, or was thrown, from the fast-moving vehicle, for he was found lying injured in the middle of a freeway on-ramp. About the time that Fussell was found, Shepherd wrecked Fussell's pickup in a rollover on the freeway. Shepherd fled the scene but was eventually apprehended and was initially charged with robbery, Idaho Code § 18–6501, –6502, and grand theft, I.C. § 18–2403(4), –2407(1). Fussell sustained severe brain trauma and remained in a vegetative state until his eventual death, approximately seven months after the injury.

Pursuant to a plea agreement, Shepherd pleaded guilty to robbery, and the State dismissed the grand theft charge. The State initially agreed to recommend a unified twenty-five-year sentence with a fifteen-year minimum term. However, following Fussell's death, the parties agreed that in lieu of charging Shepherd with felony murder, the State would adhere to the robbery charge but would not be limited in its sentencing recommendation. At sentencing, the prosecutor recommended a unified life sentence with minimum term of twenty-five years. The district court elected to impose a unified life sentence with a twenty-year minimum term of imprisonment. Shepherd now appeals, contending that the sentence is excessive.

When a sentence is challenged on appeal, we examine the record, focusing upon the nature of the offense and the character of the offender, to determine if there has been an abuse of the sentencing court's discretion. *State v. Arrasmith*, 132 Idaho 33, 47, 966 P.2d 33, 47 (Ct.App.1998); *State v. Young*, 119 Idaho 510, 808 P.2d 429 (Ct.App.1991). The defendant bears the burden to show that the sentence is unreasonably harsh in light of the primary objective of protecting society and the related goals of deterrence, rehabilitation and retribution. *State v. Brown*, 121 Idaho 385, 825 P.2d 482 (1992); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). An abuse of discretion will be found only if, in light of the governing criteria, the sentence is excessive under any reasonable view of the facts. *State v. Charboneau*, 124 Idaho 497, 500, 861 P.2d 67, 70 (1993). Therefore, where reasonable minds might differ as to whether the sentence is reasonable, we will not substitute our view for that of the district court. *Brown*, 121 Idaho at 393, 825 P.2d at 490; *State v. Admyers*, 122 Idaho 107, 108, 831 P.2d 949, 950 (Ct.App.1992). For purposes of appellate review, we consider the minimum period of confinement as the probable duration of incarceration. *State v. Sanchez*, 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). Therefore, we here consider whether the twenty-year fixed portion of Shepherd's sentence is excessive.

Shepherd was seventeen years old at the time of the offense, but was tried as an adult. Shepherd contends that the court should have imposed a more lenient sentence in view of his youth. Although we agree that consideration should be given to the age and immaturity of a juvenile offender, it is only one factor among many to be considered by the trial court in fashioning a sentence. *State v. Broadhead*, 120 Idaho 141, 146, 814 P.2d 401, 406 (1991), *overruled on other grounds by State v. Brown*, 121 Idaho 385, 825 P.2d 482 (1992); *State v. Moore*, 127 Idaho 780, 783–85, 906 P.2d 150, 153–55 (Ct. App.1995); *State v. Harris*, 127 Idaho 376, 382, 900 P.2d 1387, 1393 (Ct.App.1995). Other matters for the trial court's consideration included Shepherd's history of criminal behavior, the risk he presented to society, his potential for rehabilitation, the need to deter

Shepherd and others from similar acts that threaten people's lives and safety, and a sentence that would impose appropriate retribution for a grievous crime.

This was not Shepherd's only venture into criminal activity. His first contact with the juvenile justice system occurred when he was fourteen. Subsequently, he was found to have committed grand theft and third degree arson, which would have been felonies if committed by an adult. As a juvenile, Shepherd was also adjudicated guilty of resisting an officer. Charges of malicious injury to property and disorderly conduct were dismissed pursuant to plea bargains. Several reports of juvenile probation violations were also filed against Shepherd. His juvenile probation officer reported that Shepherd was deficient in accepting responsibility for his crimes. The district court noted that the present offense was a continuation of "a pattern that he established for himself earlier." The court considered Shepherd's youthfulness and potential for rehabilitation, but found that his lack of response to the rehabilitation efforts of the juvenile justice system did not bode well for his future rehabilitation.

Shepherd also contends that the district court abused its discretion in sentencing by failing to consider the part that Shepherd's substance abuse played in the commission of his crimes. We disagree. It is uncontroverted that Shepherd was intoxicated at the time of this offense, and the district court recognized and considered alcohol's role in Shepherd's behavior. The court also recognized however, that the use of alcohol made Shepherd extremely dangerous. The court observed:

> He was drunk. He was drunk and he was out looking for trouble. And, unfortunately, what happened is that he brought sorrow not only to himself but to a lot of other people, and he took the life of a person who was reaching out to help somebody else, and I think that is an offense that society has to take seriously and treat with the utmost seriousness.

The district court also commented on the need for retribution, deterrence and the protection of society:

> [T]here was no provocation or excuse for these crimes, and I think there does need

to be a message that if you commit adult crimes, there is an adult price to pay, and the adult price is aimed primarily at protecting society from people who are willing to make choices that are so bad that another human being will die.

It is apparent that in sentencing Shepherd, the district court placed greater emphasis on deterrence and the need to protect society than on Shepherd's youthfulness and rehabilitation needs. We cannot say that this emphasis constitutes an abuse of discretion. As our Supreme Court said long ago:

> [In sentencing], the primary consideration is, and presumptively always will be, the good order and protection of society. All other factors are, and must be, subservient to that end. Important as are the humanitarian considerations affecting the accused, his family and other relatives, and the importance to society of rehabilitation itself, such considerations cannot be allowed to control or defeat punishment, where other factors are ignored or subordinated to the detriment of society.

*State v. Moore*, 78 Idaho 359, 363, 304 P.2d 1101, 1103 (1956).

In this case, Shepherd victimized a good samaritan who had stopped to offer his help, with the result that the victim lost his life. The callousness of this behavior, its consequences for the victim and his family, and Shepherd's history of criminality before this offense cannot be overlooked in evaluating the sentence imposed. In light of the entire record, we cannot say that Shepherd's sentence is excessive under any reasonable view of the facts. Therefore, the judgment of conviction and sentence are affirmed.

Chief Judge PERRY and Judge SCHWARTZMAN concur.