37 P.3d 26

**STATE of Idaho, Plaintiff–Respondent,**

**v.**

**Thomas E. CLARK, Defendant–Appellant.**

No. 26204.

Court of Appeals of Idaho.

Dec. 5, 2001.

530

Wiebe Fouser, Canyon County Public Defenders, Thomas A. Sullivan, Deputy Public Defender, Caldwell, for appellant.

Hon. Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

This is Thomas Clark's second appeal following his conviction for two counts of lewd conduct with a minor child, Idaho Code § 18–1508. In the prior appeal, this Court remanded the case for resentencing. Clark now appeals from the determinate life sentence imposed on remand.

## I.

## BACKGROUND

The facts underlying Clark's conviction are more fully set forth in this Court's earlier opinion, *State v. Clark,* 132 Idaho 337, 971 P.2d 1161 (Ct.App.1998). The discussion of facts here is limited to those necessary for resolution of the sentencing issues raised at this time.

Clark was charged with two counts of lewd and lascivious conduct with a minor and was tried before a jury, which found him guilty. Over Clark's objection, the district court subsequently submitted to the jury the question whether Clark was a persistent violator (and therefore subject to a sentence enhancement under I.C. § 19–2514) based upon prior felony convictions. The jury answered in the affirmative. The district court then sentenced Clark to a unified life sentence with a determinate thirty-year term. On appeal, this Court ruled that the State had failed to present adequate evidence to support the jury's finding that Clark was a persistent violator. We therefore remanded the case for resentencing. Other issues regarding the appropriateness of the sentence were not addressed in light of our ruling on the persistent violator issue.

Before resentencing Clark on remand, the district court suggested that Clark and the State consider a possible agreement to resolve the resentencing issue and other potential issues in the case. The court suggested that the State might agree that the original sentence be reimposed—and forego seeking an increase in the sentence—if Clark would agree to waive his right to challenge the

reasonableness of the sentence on appeal and waive his right to file a post-conviction relief action. Neither party accepted this proposal, and in its resentencing recommendation, the State requested that Clark's sentences be increased to determinate life sentences.

The district court then proceeded with the resentencing hearing, reviewing Clark's criminal history and the information contained in the presentence investigation report (PSI) and psychosexual evaluation report that had been prepared before the original sentencing. These reports stated that Clark had admitted to the interviewers a great many episodes of sexual molestation of children throughout his life, commencing when Clark was a young teenager. However, in response to the district court's questioning at the resentencing hearing, Clark denied having committed most of the molestations described in the PSI and psychosexual evaluation. He claimed that the investigator and evaluator fabricated those stories. Faced with Clark's regression in accepting responsibility for his crimes, the district court followed the State's recommendation and sentenced Clark to concurrent determinate life sentences. Clark appeals, arguing that the sentence was increased vindictively to punish him for having taken the first appeal and for refusing to waive his right to a future appeal. He also asserts that the sentence is excessive.

## II.

### DISCUSSION

■ Clark relies upon the rule that a criminal defendant may not be penalized for having successfully taken an appeal through imposition of a harsher sentence on remand. This rule is established in *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), where the Supreme Court held that the imposition of a harsher sentence following a retrial would violate due process if the motivation for the heavier sentence was to penalize the defendant for hav-

ing successfully pursued an appeal or collateral challenge to the original conviction. The Court explained:

> Due process of law ... requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.

> In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.

*Pearce*, 395 U.S. at 725–26, 89 S.Ct. at 2080–81, 23 L.Ed.2d at 669–70. The *Pearce* Court noted that a trial judge is not constitutionally precluded from imposing a different sentence "in light of events subsequent to the first trial that may have thrown new light upon the defendant's 'life, health, habits, conduct, and mental and moral propensities.' " *Pearce* at 723, 89 S.Ct. at 2079, 23 L.Ed.2d at 668 (quoting *Williams v. New York*, 337 U.S. 241, 245, 69 S.Ct. 1079, 1082, 93 L.Ed. 1337, 1341 (1949)). The holding in *Pearce* was later characterized as applying "a presumption of vindictiveness, which may be overcome only by objective information in the record justifying the increased sentence." *United States v. Goodwin*, 457 U.S. 368, 374, 102 S.Ct. 2485, 2489, 73 L.Ed.2d 74, 81 (1982).[1] *See also*

---

1. In *Alabama v. Smith*, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989), the Supreme Court partially overruled *Pearce* insofar as it applied the presumption of vindictiveness where

the defendant had been tried and resentenced after having his guilty plea vacated. The Court reasoned that the presumption should not apply because a judge who presides at trial likely will

*State v. Robbins,* 123 Idaho 527, 530, 850 P.2d 176, 179 (1993); *State v. Colwell,* 127 Idaho 854, 859, 908 P.2d 156, 161 (Ct.App. 1995).

We first consider Clark's assertion that the district court offered to refrain from increasing his sentence if Clark would agree not to file a further appeal or a post-conviction relief action. Clark contends that this demonstrates a due process violation in that the district court vindictively increased his sentence as a penalty because Clark would not forego his rights to appeal and to claim post-conviction relief.

■ We find Clark's characterization of the district court's conduct to be inaccurate. The district court never attempted to negotiate with Clark or offered a lesser sentence as a *quid pro quo* if Clark would waive appellate or post-conviction challenges. Rather, the court raised to the prosecution and the defense the issue of whether those two parties might wish to negotiate an agreement that would eliminate risks faced by both parties in the resentencing and beyond. Both parties rejected this suggestion, and the district court proceeded with sentencing. This record does not demonstrate that the district court attempted to induce Clark to waive his rights or penalized him for declining to do so.

■ We next examine the record to determine whether it discloses objective information that would justify the increase in Clark's sentence after his successful appellate challenge into the finding that he was subject to a persistent violator sentence enhancement. Clark's history of sexually abusing young children began while he was still a minor. In his interview with the presentence investigator before his initial sentencing, Clark described numerous sex offenses he had committed over a period of nearly thirty years. He mentioned to the investigator at least twelve boys and at least two girls, besides the victim in the present case, whom he had molested.[2] Clark had been previously con-

victed only for molesting three young boys in Washington. The ten years during which he was incarcerated for that crime appear to be the only significant period in his life when he was not sexually abusing children.

Prior to pronouncing a new sentence, the district court reviewed the PSI and questioned Clark at great length about its contents. Throughout that colloquy, which continued for a period of hours, Clark repeatedly either denied that he had committed the prior molestations described in the PSI or claimed that he could not remember committing such acts. Again and again, Clark contended that the presentence investigator or the psychosexual evaluator had made up the information in their respective reports about his prior offenses. The PSI stated that Clark had admitted to having genital/genital contact with the victim in the present case, but at the resentencing hearing, Clark denied contact. He claimed that he made up his version of the offense reported on the presentence investigation questionnaire because the investigator had told him: "Well, the judge has got to have something up there. He's not going to take it like it is. Even if you make it up it's got to have something in there." At the resentencing hearing, Clark said that he would not take responsibility for the offense because "it didn't happen."

Clark's retraction of his past admissions of misconduct, with disclaimers of responsibility for his actions that he had acknowledged in the past, and his denial of even the offenses for which he was convicted and which he had previously admitted, constitute "identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding," *Pearce,* 395 U.S. at 726, 89 S.Ct. at 2081, 23 L.Ed.2d at 670, that justify a more severe sentence. As the district court remarked, this regression in Clark's assumption of responsibility and his generally disdainful attitude at the resentencing hearing indicate an even lesser likelihood of rehabili-

gain additional information about the nature of the crime and the defendant's character and other factors relevant to sentencing that were not known when the judge imposed sentence following a guilty plea. *Id.* at 801–03, 109 S.Ct. at 2205–06, 104 L.Ed.2d at 873–75.

**2.** The PSI indicated that Clark had claimed to have had sexual encounters with "hundreds" of boys when he was a juvenile and confined at a juvenile rehabilitation facility.

tation—and a greater risk to society if he were ever released—than was apparent at the original sentencing hearing. Clark's denials and declining prospects for rehabilitation sufficiently justify a harsher sentence so as to overcome the presumption of vindictiveness.

Clark also argues that his sentence is excessive. When a sentence is challenged on appeal, we examine the record, focusing upon the nature of the offense and the character of the offender, to determine if there has been an abuse of the sentencing court's discretion. *State v. Young*, 119 Idaho 510, 808 P.2d 429 (Ct.App.1991). The defendant bears the burden to show that the sentence is unreasonably harsh in light of the primary objective of protecting society and the related goals of deterrence, rehabilitation and retribution. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). An abuse of discretion will be found only if, in light of the governing criteria, the sentence is excessive under any reasonable view of the facts. *State v. Charboneau*, 124 Idaho 497, 500, 861 P.2d 67, 70 (1993). Where reasonable minds might differ as to the length of the sentence, we will not substitute our view for that of the district court. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992); *State v. Admyers*, 122 Idaho 107, 108, 831 P.2d 949, 950 (Ct.App.1992).

In the present case, Clark repeatedly molested a nine-year-old girl in his neighborhood. He befriended the victim's grandmother and used that trust to arrange to be alone with the victim. The lewd conduct usually consisted of removing the victim's pants and rubbing his penis against her vagina. On at least one occasion, there was penetration. Clark's extensive history of serious sexual offenses against children has been set forth above. The experts who evaluated Clark concluded that he was a "very high risk" to reoffend and that he would likely withdraw prematurely from any voluntary counseling program. This record indicates that Clark has little or no potential for

rehabilitation and presents a serious threat to the safety and well-being of any child with whom he comes into contact. Given Clark's past and the danger he presents to society, we conclude that the determinate life sentences imposed by the district court are not an abuse of discretion.

Clark has not shown that the increase in his sentence imposed on remand from his first appeal was either vindictive or an abuse of the district court's sentencing discretion. Therefore, the sentences are affirmed.

Judge PERRY concurs.

Chief Judge SCHWARTZMAN, dissenting.

I must respectfully dissent, as I believe the spirit, if not the letter, of the rationale enunciated in *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), has been abridged.

This case was remanded to the trial court for resentencing for the sole reason that this Court, on the first appeal, could not determine from the record whether Clark's legal status as a "persistent violator" of the law influenced the imposition of his life sentence, with thirty years' fixed. The district judge answered that question in the negative at the very outset of the resentencing hearing, claiming it had no effect whatsoever in the determination and imposition of Clark's original sentence.[1] Thereafter, the district judge spent several hours involved in a one-on-one colloquy with, and interrogation of, the defendant on virtually every aspect of the presentence investigation.

Accordingly, I would vacate the fixed life sentence and remand this case to a different district judge for resentencing or simply reimpose the original sentence.

---

1. In addition, the district judge expressed his *dissatisfaction*, on the record, with this Court's appellate decision overturning the finding of persistent violator status in the first place and remanding the case for resentencing, as well as with the Supreme Court for not granting the state's petition for review.