**Alfredo Efren HERNANDEZ-URIBE, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 74-1734.**

United States Court of Appeals, Eighth Circuit.

Submitted March 11, 1975.

Decided May 7, 1975.

Rehearing and Rehearing En Banc Denied May 28, 1975.

Clark L. Holmes, Des Moines, Iowa, for appellant.

Paul A. Zoss, Asst. U. S. Atty., Des Moines, Iowa, for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, ROSS, Circuit Judge, and TALBOT SMITH,* Senior District Judge.

VAN OOSTERHOUT, Senior Circuit Judge.

Defendant Alfredo Efren Hernandez-Uribe has taken a timely appeal from his conviction by a jury of being an alien who, having previously been arrested and deported from the United States,

---

* TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation.

unlawfully re-entered this country in violation of 8 U.S.C. § 1326.

The Government placed in evidence numerous documents to establish the defendant's alienage, including a birth certificate showing defendant's Mexican birth and numerous forms and documents in which both the defendant and his deceased mother admit to defendant's alien birth. The Government also submitted evidence of the numerous deportation actions successfully taken against the defendant by the Immigration and Naturalization Service and certified copies of the defendant's last two convictions under 8 U.S.C. § 1326. Further, the Government submitted into the record a certificate that the defendant had never been naturalized and had never received permission from the Attorney General to re-enter the United States.

Defendant testified at the trial that he was born in El Paso, Texas, and that he had received such information from his mother. Defendant admits he was in possession of such information before he entered a plea of guilty in the California federal case hereinafter referred to.

The sole basis for reversal urged by the defendant is that the court erred in giving the jury the following instruction:

There has been a judicial determination in litigation, to which the defendant was a party, that on June 6, 1967 defendant was an alien and not a citizen of the United States. The defendant is bound by that determination. Evidence of his status as citizen or alien prior to June 6, 1967 is therefore immaterial and you will not consider it.

Defendant urges that the challenged instruction deprives him of his right to a presumption of innocence, his sixth amendment right to a trial by jury, and his right to confrontation of witnesses against him.

The issue presented is whether collateral estoppel was properly applied to the defendant on the alien issue under the facts and circumstances of this case. We hold that the trial court correctly determined that collateral estoppel applied and that the court committed no error in giving the challenged instruction, and affirm.

█ The only disputed element of the crime defendant is charged with in the instant case is whether the defendant was an alien on May 8, 1973. Government Exhibit 20 establishes that the defendant was judged guilty on his plea of guilty of violation of 8 U.S.C. § 1326 by the Central District of California on June 6, 1967. No attack has been made on the validity of his plea of guilty in that case. Defendant has offered no evidence that his status as an alien has changed since the June 6, 1967, California conviction.

█ Defendant by a voluntary plea of guilty in the California federal case admitted all essential elements of the offense charged including the element that he was an alien on June 6, 1967. McCarthy v. United States, 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).

The instruction given was based on the application of collateral estoppel to an alien in Pena-Cabanillas v. United States, 394 F.2d 785 (9th Cir. 1968). In that case the Ninth Circuit held that the Government could invoke the doctrine of collateral estoppel against the defendant and establish his alien status up to the date of the earlier conviction. The court adopted the reasoning of an earlier district court case, United States v. Rangel-Perez, 179 F.Supp. 619 (S.D.Cal.1959), when it said:

[i]f the issue of alienage were to be tried each time a defendant makes an entry into the United States, after once having been found by judicial determination to be an alien, there would be less to deter future entries than at the present. Even though the present risk of prosecution for illegal entry would remain under 8 U.S.C.

§ 1326, a defendant would have an added incentive to enter again and again, knowing that a trial de novo on the issue of alienage would be forthcoming and that such trial might, on one occasion, result in a favorable verdict * * * and accomplishment of the objectives of the immigration laws to discourage and effectively control the already difficult problem of illegal entries into this country would be weakened * * *

Of course the defendant is entitled to have tried anew each time the facts as to his entry and its justification on other grounds (see 8 U.S.C.A. § 1326) as well as any change of nationality status since the prior adjudication. And it is equally beyond question that the accused is always entitled to have any prior proceedings carefully examined in order to determine surely whether a prior adjudication of alienage was made after a full and adequate hearing, and was essential to a determination of the case. [394 F.2d at 787–788.]

We find such reasoning to be persuasive. See Annot., 9 A.L.R.3d 203 (1966).

■ Defendant attempts to distinguish Pena-Cabanillas v. United States, supra, from the instant case by pointing out that the earlier finding of alienage in Pena-Cabanillas did not result from a plea of guilty but from a full adversary proceeding. Defendant contends that by the plea of guilty to the 1967 charge, the issue of his alienage was not drawn into controversy by a full presentation of the case. The general rule is that collateral estoppel, where applicable, applies equally whether the previous criminal conviction was based on a jury verdict or a plea of guilty. Brazzell v. Adams, 493 F.2d 489, 490 (5th Cir. 1974); Hyslop v. United States, 261 F.2d 786, 790 (8th Cir. 1958). The Supreme Court recognized the use of collateral estoppel in criminal cases in Ashe v. Swenson, 397 U.S. 436, 444, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970) where it said:

The federal decisions have made clear that the rule of collateral estoppel in criminal cases is not to be applied with the hypertechnical and archaic approach of a 19th century pleading book, but with realism and rationality.

See Hoag v. New Jersey, 356 U.S. 464, 470–471, 78 S.Ct. 829, 2 L.Ed.2d 913 (1958). Federal Rule of Criminal Procedure 11 protects the defendant from an improvident plea of guilty. Rule 11 requires the court before accepting a plea of guilty to satisfy itself that the plea is made voluntarily with an understanding of the charge and the consequences of the plea. Additionally the rule requires the court to be satisfied that there is a factual basis for the guilty plea.

We think the instant case is particularly appropriate for the application of the doctrine of collateral estoppel. The record shows that defendant had evidence of his claimed Texas birth prior to his guilty plea in the 1967 criminal prosecution. The evidence of his Mexican birth is strong. Defendant did have an opportunity to contest the Government's determination of alienage in that case on the same basis as alleged here. He there had a right to a jury trial in which he could have presented any evidence he had pertaining to the place of his birth. By his plea of guilty, defendant waived those constitutional rights here challenged which are guaranteed every criminal defendant. Boykin v. Alabama, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1970); McCarthy v. United States, 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). Defendant has made no challenge to the validity of his guilty plea to the 1967 charge. He has made no claim that his status as an alien has changed since 1967. Under such circumstances, we see no violation of any constitutional right of the defendant in collaterally estopping him from denying his alien status.

Affirmed.