STATE,

v.

**Sheldon P. HIE.**

No. 96–100–CA.

Supreme Court of Rhode Island.

Jan. 10, 1996.

Aaron Weisman, Asst. Attorney General, for Plaintiff.

Francis X. Mackey, Providence, for Defendant.

## OPINION

PER CURIAM.

This case requires us to decide whether the doctrine of collateral estoppel may be used by the state against a criminal defendant to preclude relitigation regarding whether that defendant is a probation violator. Counsel for both parties came before us to show cause why this appeal should not be summarily decided. Having studied their arguments, we perceive no cause and shall therefore proceed to consider the merits of the defendant's appeal at this time.

The defendant, Sheldon P. Hie, appeals from a Superior Court order revoking his probation on a prior Superior Court sentence. In adjudging defendant to be in violation of his probation, the Superior Court took judicial notice of and gave preclusive effect to the District Court's previous determination that defendant had violated the terms of his probation on an earlier District Court sentence because of the same alleged misconduct that was the subject of the Superior Court's probation-revocation hearing.

In July of 1995, defendant was arrested and charged with several prostitution-related offenses (the 1995 misconduct). At the time of his arrest defendant was on probation for various prior criminal convictions in both the District and the Superior Courts. After his arrest defendant was first presented to the District Court and charged with violating the terms of his District Court probation. After a full hearing the District Court adjudged defendant a probation violator.

Thereafter, pursuant to a Super. R.Crim. P. 32(f) probation-violation notice that fully disclosed the grounds for the state's charges, defendant appeared before the Superior Court to face charges that he had also violated the conditions of his Superior Court probation on the basis of the same 1995 misconduct that was the subject of the previous District Court violation hearing. The Superior Court took judicial notice of the District Court's prior determination that the 1995 misconduct violated the terms of his District Court probation, gave preclusive effect to the District Court's findings, and concluded that owing to his 1995 misconduct defendant was also a violator of his Superior Court probation. The court then ordered defendant to serve two years of a prior Superior Court-suspended sentence in the Adult Correctional Institutions (ACI) concurrently with the one-year sentence he had received from the District Court. On appeal, defendant argues that in these circumstances the doctrine of collateral estoppel may be applied only against the government and not against a criminal defendant. We disagree.

Collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson,* 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469, 475 (1970). For this doctrine to apply, three requirements must be satisfied: there must be an identity of issues; the prior proceeding must have resulted in a final judgment on the merits; and the party against whom collateral estoppel is sought must be the same as or in privity with a party in the prior proceeding. *Providence Teachers Union, Local 958 v. McGovern,* 113 R.I. 169, 172, 319 A.2d 358, 361 (1974).

■ A probation-revocation hearing "is not a prosecution but is civil in nature. At such a hearing the court determines whether a defendant has failed to keep the peace and to remain on good behavior, which he or she must do in order to stay on probation." *State v. Pinney,* 672 A.2d 870, 871 (R.I.1996). In *State v. Chase,* 588 A.2d 120, 121–22 (R.I. 1991), we held that a finding of nonviolation

at a probation-revocation hearing precludes the state from relitigating the issue of a defendant's guilt or innocence during a later criminal proceeding. *See also State v. Wiggs,* 635 A.2d 272, 275 (R.I.1993). But unlike our previous decisions in which we determined that a criminal defendant may invoke the doctrine of collateral estoppel to bar the state from relitigating an issue, here the state is claiming that a defendant should not be allowed to relitigate the District Court's earlier determination that the defendant had violated his probation. Although we have yet to address this specific issue, we note that other jurisdictions have applied collateral estoppel to prevent criminal defendants from relitigating certain issues.

For example, in *United States v. Levasseur,* 699 F.Supp. 965, 980 (D.Mass.), *rev'd on other grounds,* 846 F.2d 786 (1st Cir.), *cert. denied,* 488 U.S. 894, 109 S.Ct. 232, 102 L.Ed.2d 222 (1988), the government claimed that the defendants were estopped from bringing a motion to suppress evidence when a similar motion had been exhaustively litigated and ultimately denied in a previous trial involving the same parties and the same evidence. The *Levasseur* court agreed with the government and noted that unlike jury issues, a decision by one judge involving the same parties and issues can and should bind another judge who is later faced with deciding the same question pursuant to the same governing law. *Id.* at 981 ("there is every reason to believe that a judge in one district will apply identical constitutional standards governing suppression with the same competence as a judge in another district"). Other courts are in accord with *Levasseur. See United States v. McNair,* 439 F.Supp. 103 (E.D.Pa.1977), *aff'd,* 571 F.2d 573 (3d Cir.), *cert. denied,* 435 U.S. 976, 98 S.Ct. 1626, 56 L.Ed.2d 71 (1978); *People v. Scott,* 93 Misc.2d 1074, 405 N.Y.S.2d 169 (N.Y.Sup.Ct. 1978).

■ Because the doctrine of collateral estoppel can be applied against criminal defendants, we hold that there is no reason to exclude probation-revocation proceedings (which, albeit involving a criminal defendant, are civil in nature) from its ambit. The United States Supreme Court has noted that

"collateral estoppel in criminal cases is not to be applied with the hypertechnical and archaic approach of a 19th century pleading book, but with realism and rationality." *Ashe*, 397 U.S. at 444, 90 S.Ct. at 1194, 25 L.Ed.2d at 475. "The inquiry 'must be set in a practical frame and viewed with an eye to all the circumstances of the proceedings.'" *Id.* at 444, 90 S.Ct. at 1194, 25 L.Ed.2d at 476.

 As a practical matter the determination that defendant's 1995 misconduct violated the terms of his Superior Court probation was preordained when the District Court adjudged him to be a violator of his District Court probation. The core terms of each probation were identical[1] and each court was presented with the same alleged misconduct. The unnecessary relitigation of probation-violation issues, especially when it would entail another evidentiary hearing, should be discouraged. Like the *Levasseur* court, we perceive no reason why a Superior Court justice conducting a probation-violation hearing would view the 1995 misconduct any differently from the way the District Court judge did.

■ Finally, the three requirements necessary to invoke collateral estoppel have been satisfied. There is no question that the parties in this matter are the same as those involved in the District Court probation-revocation hearing. Furthermore, a probation-revocation hearing constitutes a final judgment on the merits. *Wiggs*, 635 A.2d at 276. As regards the identity-of-issues requirement, there are three factors that must be considered: "first, the issue sought to be precluded must be identical to the issue decided in the prior proceeding; second, the issue must actually have been litigated; and third, the issue must necessarily have been decided." *Chase,* 588 A.2d at 123.

Here, the probation-violation issues presented to the Superior Court were identical to the issues previously decided by the District Court. Likewise, as we previously stated, the trial justice's decision at a probation-revocation hearing was a final and valid judgment. The defendant argues, however, that the issue was not actually determined before the District Court since he lacked the incentive to litigate fully the first probation-violation charge. We disagree. The defendant faced the prospect of being sentenced to jail in the ACI if he was adjudged a violator before the District Court. This provided sufficient incentive for him to litigate the probation-violation issue fully, and we conclude that he did so.

For the foregoing reasons we deny and dismiss the defendant's appeal, and affirm the Superior Court's order.

---

1. *See State v. Jacques,* 554 A.2d 193, 195 (R.I. 1989) (agreeing to keep the peace is an implied condition of probation); *see also Pinney,* 672 A.2d at 871 (defendant must keep the peace and remain on good behavior to stay on probation).