STATE

v.

Jeffrey Scott **MORRILL**.

No. 96–251–C.A.

Supreme Court of Rhode Island.

Oct. 24, 1997.

Annie Goldberg, Aaron L. Weisman, Providence.

Stephen Thomas Morrissey, Wakefield.

**ORDER**

The defendant, Jeffrey Scott Morrill, appeals from a Superior Court probation-violation judgment. Pursuant to this judgment, the hearing justice ordered the defendant to serve previously suspended sentences of 30 months and 33 months, each sentence to run concurrently with the other.

The substance of defendant's appeal is that the hearing justice erred in taking judicial notice of a previous District Court adjudication that defendant had violated his probation for the same misconduct at issue in the Superior Court violation proceeding. The defendant also contends that he was denied a full hearing and an opportunity to present evidence in the subsequent Superior Court violation hearing when the hearing justice precluded him from relitigating the issues that were resolved against him in the earlier District Court proceedings. We directed defendant to show cause why the issues raised in this appeal should not be decided summarily. No cause having been shown, we now proceed to a decision of the issues raised by this appeal.

The defendant was charged with violating his probation by assaulting the mother of his child. After a full hearing where defendant took the stand and was afforded the right to cross examine the witnesses who testified against him, the District Court found defendant guilty of the assault and adjudged him a probation violator. Less than four months later, the state again presented defendant as a probation violator before the Superior Court for the same misconduct that served as the basis for the District Court determination. At this hearing, the state asked the Superior Court to take judicial notice of the previous adjudication in the District Court proceeding and the matter was continued to allow the state to provide the court with a transcript of these proceedings.

Thereafter, a Superior Court justice took judicial notice of the District Court's determination that the defendant had violated the

terms of his probation. He then declared defendant to be a violator of probation in two Superior Court cases and ordered defendant to serve the previously suspended sentences of 30 months and 33 months, respectively, with both sentences to run concurrently with each other.

The defendant obtained new counsel and claimed that the Superior Court hearing violated his constitutional due process rights. He filed a motion to correct the sentence pursuant to Super.R.Crim.P. 35 and to vacate the finding of a probation violation in Superior Court. The defendant argued that he had been denied a full hearing before the Superior Court, including the opportunity to confront and cross examine witnesses. The Superior Court heard and denied this motion and we now affirm that determination.

Recently in *State v. Hie*, 688 A.2d 283, 284–85 (R.I.1996) (per curiam), we ruled that the doctrine of collateral estoppel precludes relitigation of probation violation issues in Superior Court based on the same alleged misconduct that has been the subject of a violation finding by the District Court. Here, as in *Hie:*

> "The core terms of each probation were identical and each court was presented with the same alleged misconduct. The unnecessary relitigation of probation-violation issues, especially when it would entail another evidentiary hearing, should be discouraged." *Id.* at 285 (footnote omitted).

In the case at bar, defendant appeared before the Superior Court to litigate the identical issue previously decided against him and embodied in a final District Court judgment on the merits—namely, whether the defendant had violated the terms of his probation. The parties were the same in both probation-revocation proceedings, the relevant terms of the District Court and Superior Court probations were identical, and the defendant had a full and fair opportunity to present evidence and witnesses at the District Court hearing. Thus, under *State v. Hie*, it was unnecessary for the parties to relitigate the probation-revocation issues in the Superior Court. When the District Court adjudged the defendant to be a probation violator, it was preordained that he would be found to have violated his Superior Court probation.

Contrary to the defendant's contention, our conclusion fully comports with the minimum due process requirements of a parole revocation hearing. *See State v. Bourdeau*, 448 A.2d 1247, 1249 (R.I.1982) (noting the requirements of notice of the hearing, notice of the violation, the opportunity to be heard and present evidence, and the right to confront and cross examine witnesses). We have on prior occasions acknowledged that one or more of the procedural requirements for these hearings may be dispensed with if there is good cause to do so, *e.g., State v. DeRoche*, 120 R.I. 523, 389 A.2d 1229, 1234 (1978) (finding no good cause for dispensing with confrontation), or if the rationale underlying due process requirements has been satisfied. *State v. Desrosiers*, 559 A.2d 641, 644 (R.I.1989) (finding ample due process protection despite technical noncompliance with notice requirement when defendant had an alternate opportunity to present virtually identical evidence). In *Desrosiers*, we concluded that technical non-compliance with the normal prerequisites of a due process hearing need not amount to a constitutional infirmity in "cases in which the defendant's evidence pertinent to a violation hearing is virtually identical to defendant's evidence pertinent to some other type of hearing." *Id.* Here, we similarly find good cause and no constitutional infirmity given the defendant's adequate opportunity and incentive to litigate the identical issues in the first probation violation charge in District Court.

For these reasons, the trial justice did not err in taking judicial notice of the District Court findings that the defendant had violated his probation and in preventing defendant from relitigating issues previously determined in the District Court proceeding. Accordingly, the defendant's appeal is denied and dismissed.