193 P.3d 874

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Shawn Lee DEMPSEY, Defendant–Appellant.**

**No. 34309.**

Court of Appeals of Idaho.

July 7, 2008.

Review Denied Oct. 15, 2008.

---

Molly J. Huskey, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

PERRY, Judge.

Shawn Dempsey appeals from the district court's order reinstating and amending his probation after finding Dempsey violated the terms and conditions of his probation. For the reasons set forth below, we affirm.

## I.

### FACTS AND PROCEDURE

In May 2002, the state charged Dempsey by grand jury indictment with lewd conduct with a minor under the age of sixteen. I.C. § 18–1508. In January 2004, Dempsey pled guilty to one count of lewd conduct. Pursuant to a binding I.C.R. 11 plea agreement, the district court sentenced Dempsey to ten years, with a minimum period of incarceration of one year, to be served consecutive to Dempsey's probation imposed in a case initiated by the state in 1999. Also pursuant to the plea agreement, the district court suspended the sentence and placed Dempsey on probation for ten years and imposed several terms of probation.

On June 29, 2006, the state filed a motion alleging that Dempsey had violated his probation by failing to attend and successfully complete sex offender treatment as required by his probation officer, by having contact with a minor without prior approval of his probation officer, by having contact with prior victims, and by having sexual contact with a minor. At the same time, the state filed an identical motion alleging probation violations in the 1999 case before a different district judge. In the 1999 case, the state elected to proceed at an evidentiary hearing on only the allegation that Dempsey failed to attend and

successfully complete sex offender treatment. After the evidentiary hearing, the district judge in that case found that Dempsey willfully violated the terms of his probation by failing to participate in sex offender treatment. Therefore, the state filed a motion in the present case requesting that the district court apply the doctrine of collateral estoppel to find that Dempsey violated the terms of his probation in the present case by failing to participate in sex offender treatment. As in the 1999 case, the state thus withdrew the remaining allegations of probation violations.

At a hearing set by the district court, the state relied on a certified copy of an audio recording of the oral ruling by the district judge in the 1999 case. Dempsey objected to the use of collateral estoppel to find that he had committed a probation violation in the present case. The district court, however, noted that it had listened to the audio recording and ruled that the doctrine of collateral estoppel should be applied to the state's alleged probation violation. The district court therefore found, based on the ruling the 1999 case by a different district judge, that Dempsey had violated the terms of his probation in the present case by failing to attend and successfully complete sex offender treatment as required by his probation officer. The district court then held a disposition hearing, where it reinstated Dempsey's probation under the same terms but extended the duration of probation to the remainder of his life. Dempsey appeals, asserting that the district court violated his right to due process by applying the doctrine of collateral estoppel to find him in violation of the terms of his probation.

## II.

### STANDARD OF REVIEW

 The trial court's factual findings in a probation revocation proceeding, including a finding that a violation has been proven, will be upheld if they are supported by substantial evidence. *State v. Rose,* 144 Idaho 762, 765, 171 P.3d 253, 256 (2007); *State v. Knutsen,* 138 Idaho 918, 923, 71 P.3d 1065, 1070 (Ct.App.2003). However, the determination whether constitutional requirements

have been satisfied is subject to free review. *Rose,* 144 Idaho at 765, 171 P.3d at 256. Additionally, whether res judicata or collateral estoppel bars relitigation of issues adjudicated in prior litigation between the same parties is a question of law over which we exercise free review. *Lohman v. Flynn,* 139 Idaho 312, 319, 78 P.3d 379, 386 (2003).

## III.

### ANALYSIS

 Probationers do not enjoy the full panoply of constitutional protections afforded criminal defendants. *Rose,* 144 Idaho at 765, 171 P.3d at 256. A motion to revoke probation is not a criminal prosecution. *Gagnon v. Scarpelli,* 411 U.S. 778, 782, 93 S.Ct. 1756, 1759, 36 L.Ed.2d 656, 661 (1973); *Rose,* 144 Idaho at 766, 171 P.3d at 257; *State v. Murillo,* 135 Idaho 811, 813, 25 P.3d 124, 126 (Ct.App.2001). A violation need not be proven beyond a reasonable doubt. *Murillo,* 135 Idaho at 813, 25 P.3d at 126; *State v. Roy,* 113 Idaho 388, 390, 744 P.2d 116, 118 (Ct. App.1987). Still, a probationer has a protected liberty interest in continuing probation and is, therefore, entitled to due process before probation may be revoked. *Rose,* 144 Idaho at 766, 171 P.3d at 257. The probationer is entitled to a meaningful hearing to determine whether probation has been violated. *Knutsen,* 138 Idaho at 923, 71 P.3d at 1070.

 In civil cases, collateral estoppel, or issue preclusion, may be applied to prior judgments, estopping a person from arguing a finding or verdict that has already been rendered. *Navarro v. Yonkers,* 144 Idaho 882, 885, 173 P.3d 1141, 1144 (2007). The test of when collateral estoppel should apply is: (1) whether the party had a full and fair opportunity to litigate the issue; (2) whether the issue decided in the previous litigation is identical to the current issue presented; (3) whether the issue was actually decided in the previous litigation and whether the issue was necessary to the prior judgment; (4) whether the final judgment was on the merits; and (5) whether the party who the judgment is asserted against was a party or in privity with the party to the prior judgment. *Id.*

Idaho appellate courts have recognized that a criminal defendant may use the doctrine of collateral estoppel as a bar against prosecution. *See State v. Powell,* 120 Idaho 707, 708, 819 P.2d 561, 562 (1991); *State v. Colwell,* 127 Idaho 854, 858, 908 P.2d 156, 160 (Ct.App.1995). *See also Ashe v. Swenson,* 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469, 475 (1970). In post-conviction proceedings, Idaho appellate courts have applied the related principles of res judicata when an applicant attempts to raise, in an application for post-conviction relief, the same issues previously decided on direct appeal. *See State v. Beam,* 115 Idaho 208, 210–11, 766 P.2d 678, 680–81 (1988); *Knutsen v. State,* 144 Idaho 433, 439, 163 P.3d 222, 228 (Ct.App.2007); *State v. LePage,* 138 Idaho 803, 811, 69 P.3d 1064, 1072 (Ct.App.2003). The Idaho Supreme Court has also held that the doctrine of res judicata can be applied to bar consideration of subsequent I.C.R. 35 motions to the extent those motions attempt to relitigate issues already finally decided in earlier Rule 35 motions. *State v. Rhoades,* 134 Idaho 862, 863, 11 P.3d 481, 482 (2000). However, Idaho appellate courts have not directly addressed whether the doctrine of collateral estoppel prohibits a probationer from relitigating the merits of an alleged probation violation after a trial court has already found that the probationer violated the same term of probation in a separate case.

The district court relied on decisions of the Rhode Island Supreme Court. *See State v. Morrill,* 702 A.2d 1177 (R.I.1997); *State v. Hie,* 688 A.2d 283 (R.I.1996). In *Hie,* the state argued that Hie should not be allowed to relitigate an alleged probation violation in one trial court after another trial court determined that Hie had violated probation. The core terms of the probation in each case were identical, and each court was presented with the same alleged misconduct. The court held that the doctrine of collateral estoppel can be applied against criminal defendants and there is no reason to exclude probation revocation proceedings from its ambit. *Hie,* 688 A.2d at 284. Likewise, in *Morrill,*

the defendant raised a due process challenge to a ruling that he was collaterally estopped from appearing before a trial court to litigate whether he had violated the terms of his probation after another trial court had decided the identical issue in favor of the state. The court held that there was no constitutional infirmity given Morrill's adequate opportunity and incentive to litigate the identical issues in the first probation violation proceeding. *Morrill,* 702 A.2d at 1178. We are persuaded by the reasoning these cases present.

▆▆ We find further support for the district court's ruling in federal court decisions holding that a certified copy of a new criminal conviction is sufficient proof for revocation of probation. *See United States v. Gentile,* 610 F.2d 541, 542 (8th Cir.1979); *United States v. Lustig,* 555 F.2d 751, 753 (9th Cir. 1977). Indeed, the great weight of authority permits the revocation of probation based solely upon the probationer's subsequent criminal conviction, even when an appeal from that conviction is pending. *See Hutchinson v. State,* 292 Md. 367, 438 A.2d 1335, 1336 (1982) (compiling cases). Thus, a probationer's right to a due process hearing on an alleged probation violation does not entitle the probationer to litigate allegations of misconduct already established to have occurred by criminal proceedings.

The cases upon which Dempsey relies are inapplicable. Many cases cited by Dempsey rely on the constitutional prohibition against the use of collateral estoppel at trial to establish, as a matter of law, an element of an offense on which the government bears the burden of proof beyond a reasonable doubt. *See United States v. Dixon,* 509 U.S. 688, 710 n. 15, 113 S.Ct. 2849, 2863 n. 15, 125 L.Ed.2d 556, 577 n. 15 (1993); *United States v. Smith–Baltiher,* 424 F.3d 913, 921 (9th Cir. 2005); *United States v. Arnett,* 353 F.3d 765, 766 (9th Cir.2003); *United States v. Gallardo–Mendez,* 150 F.3d 1240, 1246 (10th Cir. 1998); *United States v. Pelullo,* 14 F.3d 881, 891 (3d Cir.1994).[1] Another opinion relied

---

1. We note that at least one federal circuit disagrees with the line of authority cited by Dempsey. *See Hernandez–Uribe v. United States,* 515

F.2d 20, 22 (8th Cir.1975). In *Hernandez–Uribe,* the court held that there was no violation of any constitutional right when the trial court relied on

upon by Dempsey held that the grounds of judicial economy did not justify the use of the doctrine of collateral estoppel to deny a defendant's motion to dismiss criminal charges. *See United States v. Harnage,* 976 F.2d 633, 636 (11th Cir.1992). Unlike the present case, these cases address the use of collateral estoppel against a defendant prior to a finding of substantive guilt by a jury.

■■■ We conclude that the district court's application of the doctrine of collateral estoppel did not deprive Dempsey of his right to due process. The district court correctly determined that the circumstances of this case satisfied the five-factor test for application of the doctrine of collateral estoppel. First, Dempsey does not assert that he was deprived of a full and fair opportunity at the probation violation hearing in the 1999 case to litigate the issue of whether he willfully violated probation in that case by failing to attend and complete sex offender treatment. The record indicates that the district judge in that case held an evidentiary hearing on the issue where witnesses testified on behalf of the state and Dempsey. Second, the issues in the two cases were identical. Dempsey does not dispute the district court's finding that his probation in the 1999 case contained a term regarding sex offender treatment identical to the term in the present case or the finding that the alleged misconduct was identical in the two cases. Third, the finding in the 1999 case that Dempsey failed to attend sex offender treatment was necessary to the judgment that Dempsey violated probation in that case because the state proceeded on its allegation of that offense alone at the hearing in the 1999 case. Fourth, the judgment finding Dempsey in violation of the terms of probation in the 1999 case was on the merits. Finally, the parties were the same in that prior case. Therefore, we hold that the district court properly applied the doctrine of collateral estoppel to bar Dempsey from relitigating the issue of whether he willfully violated the terms of his probation in the present case.

the defendant's guilty plea to being an illegal alien to collaterally estop the defendant from relitigating his alien status at a criminal trial in a subsequent case. *Id.* Because the constitutionali-

### IV.

### CONCLUSION

The district court did not deprive Dempsey of his right to due process by applying the doctrine of collateral estoppel to find he violated the terms of his probation by failing to attend and successfully complete the sex offender treatment required by his probation officer. Therefore, the order reinstating and amending probation is affirmed.

Chief Judge GUTIERREZ and Judge LANSING concur.

ty of the offensive use of the doctrine of collateral estoppel at a criminal trial is not presented, we express no opinion on the issue.