# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45262

| | |
|---|---|
| WESLY STANDLEY, | ) |
| | ) Filed:  November 2, 2018 |
| Petitioner-Appellant, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County.  Hon. Eric J. Wildman, District Judge.

Judgment of the district court dismissing petition for post-conviction relief, affirmed.

Nevin, Benjamin, McKay & Bartlett, LLP; Dennis A. Benjamin, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Wesly Standley appeals from the order of the district court dismissing his petition for post-conviction relief.  We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In September 2014, Standley pled guilty to possession of heroin with intent to deliver, Idaho Code § 37-2732(a)(1)(A).  The district court imposed a life sentence with fifteen years determinate, suspended the sentence, placed Standley on supervised probation for ten years, and imposed several conditions of probation.  Probation condition (24) states, "[Standley] shall not associate with any person(s) designated by any agent of IDOC."  Special condition (e) states, "[Standley] shall complete the Suboxone program that he is currently enrolled in through Dr. [D.R.H.'s] office.  If the defendant quits the program prior to the completion date as

1

recommended by Dr. [D.R.H.], such conduct shall constitute a probation violation." General condition (15) required Standley to "meaningfully participate" in the Suboxone program. Standley did not appeal from the judgment and sentence.

In October 2014, the State filed a motion to revoke Standley's probation alleging two distinct probation violations. Count I alleged that Standley had violated general condition (24) by having unapproved contact with two felons under IDOC supervision. Count II alleged that Standley had violated special condition (e) and/or general condition (15) by failing take his Suboxone medication as prescribed, thereby failing to participate in the Suboxone program. Following an evidentiary hearing, the district court made an oral ruling that Standley had violated special condition (e) as alleged in Count II, but ruled the State had not proved a violation of general condition (24) as alleged in Count I. In December 2014, the State re-alleged Count I in a second motion to revoke probation. Following a second evidentiary hearing, the court found that Standley had violated general condition (24) by having unapproved contact with one of the two felons. The district court revoked Standley's probation and ordered execution of the underlying prison sentence. Standley appealed; and we affirmed. *State v. Standley*, Docket No. 43024, (Ct. App. Feb. 11, 2016) (unpublished).

Standley then filed a verified petition for post-conviction relief. Standley argued his counsel provided ineffective assistance by failing to object on res judicata grounds to the State's filing of the second motion to revoke probation after the court had already found the State had not proved the same allegation in the first motion. Standley then filed a motion for summary disposition, and the State filed a cross-motion for summary disposition. Following a hearing, the court granted the State's cross-motion for summary disposition and entered judgment. The court held: (1) Standley's claim that res judicata precluded the second evidentiary hearing was barred because it could have been raised on direct appeal, (2) the requirements of res judicata were not met because the court's initial ruling on Count I was not a final judgment on the merits for purposes of res judicata, and (3) there was sufficient evidence to support a probation violation on Count II. Thereafter, Standley filed a motion to alter or amend the judgment and a motion to take judicial notice of the dockets in two Ada County cases. The court reversed and withdrew its ruling that Standley's res judicata claim was barred because it could have been raised on direct appeal. Nevertheless, the court noted that each of the three bases for the court's ruling were in the alternative, and thus it stood by its prior rulings that no final judgment was entered on the

first probation revocation hearing and there was sufficient evidence to support a probation violation on Count II. The court filed an amended judgment, but did not rule on the motion to take judicial notice. Standley timely appeals.

## II.

## ANALYSIS

### A. Ineffective Assistance of Counsel

Standley asserts the district court erred by dismissing his claim that the attorney who represented him at the probation revocation proceedings rendered ineffective assistance of counsel. The State asserts that Standley has failed to meet his burden of proving ineffective assistance of counsel. We agree with the State.

In order to prevail in a post-conviction proceeding, the petitioner must prove the allegations by a preponderance of the evidence. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Baxter v. State*, 149 Idaho 859, 861, 243 P.3d 675, 677 (Ct. App. 2010). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Dunlap*, 141 Idaho at 56, 106 P.3d at 382; *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Baxter*, 149 Idaho at 862, 243 P.3d at 678.

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a

3

reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231.

### 1. Deficient performance

Standley has failed to establish that his counsel's performance was deficient, as required by the first prong of *Strickland*. Standley argues his counsel's performance fell below an objective standard of reasonableness because she failed to object to the State's filing of the second motion to revoke probation after the court had already found the same allegation unproven at the first hearing. According to Standley, relitigation of a probation violation is not authorized by statute or court rule, and absent such authority, counsel's failure to object was objectively unreasonable. Relying on Idaho Appellate Rule 11(g) and *State v. Dempsey*, 146 Idaho 327, 193 P.3d 874 (Ct. App. 2008), Standley also argues the doctrine of res judicata precluded relitigation of Count I because the trial court's oral ruling that the State had failed to prove a violation under Count I was final for purposes of res judicata.

The State argues the district court properly held that Standley failed to show his counsel's performance fell below an objective standard of reasonableness by not challenging the refiling of the probation violation alleged in Count I. First, the State argues that the doctrine of res judicata is inapplicable in this case because it only applies where the court's initial ruling was made in a prior, distinct proceeding. According to the State, the district court's initial oral ruling in which it found Count I unproven and its subsequent ruling in which it found a probation violation were made within the same case. Next, the State argues that even if res judicata applied to rulings made in a single case, the court's oral ruling at the first evidentiary hearing was not final for purposes of res judicata. Third, the State argues that *Dempsey* is inapplicable to this case. Fourth, the State argues Standley's counsel could not have been deficient for failing to object to the refiling of Count I because at the time of the second probation revocation hearing there was no controlling Idaho authority concerning whether the State could refile a probation violation allegation in the same proceeding after is has been ruled unproven but before the ruling is reduced to a written order.

Res judicata does not apply to the district court's redetermination of an oral ruling made earlier in the same lawsuit. Res judicata prevents the litigation of causes of action which were finally decided *in a previous suit*. *Gubler By and Through Gubler v. Brydon*, 125 Idaho 107,

4

110, 867 P.2d 981, 984 (1994) (emphasis added). Issue preclusion protects litigants from having to relitigate an identical issue *in a subsequent action*. *Ticor Title Co. v. Stanion*, 144 Idaho 119, 123, 157 P.3d 613, 617 (2007) (emphasis added). The principles of res judicata apply when a petitioner attempts to raise the same issues previously ruled upon on direct appeal or in a subsequent petition for post-conviction relief. *Knutsen v. State*, 144 Idaho 433, 439, 163 P.3d 222, 228 (Ct. App. 2007). The review of a trial court's ruling on whether an action is barred by res judicata is a question of law over which this Court has de novo review. *Ticor Title Co.*, 144 Idaho at 122, 157 P.3d at 616. Here, the court's initial oral ruling on Count I and the court's final ruling on Count I were made within the same case. Thus, the court's oral ruling at the first hearing in this case did not preclude the State from refiling Count I or the district court from reopening the evidence for reconsideration of and a final ruling on Count I.

Nevertheless, even if res judicata applied in the instant case, the five factor test which must be satisfied to bar the relitigation of an issue was not satisfied in this case. The five factors are:

> (1) the party against whom the earlier decision was asserted had a full and fair opportunity to litigate the issue decided in the earlier case; (2) the issue decided in the prior litigation was identical to the issue presented in the present action; (3) the issue sought to be precluded was actually decided in the prior litigation; (4) there was a final judgment on the merits in the prior litigation; and (5) the party against whom the issue is asserted was a party or in privity with a party to the litigation.

*Id.* at 124, 157 P.3d at 618. Here, the district court's initial oral ruling held that Count I was not a final judgment on the merits for purposes of res judicata. The court expressly stated at the first probation revocation hearing that it would be willing to reopen the evidence on Count I. With respect to the alleged violation of general condition (24) the court stated, "[M]aybe we do this case again. I don't know. That's your choice. But I am not going to find that he is in violation of Count I because the State has simply not presented substantial evidence on that allegation." The district court had not issued its written order on the motions to revoke probation when the State refiled Count I and the court held the second hearing. The district court correctly stated, "Final judgment was entered in this matter when the Court issued the *Order on Motion to Revoke Probation and Order of Commitment*." Because the court's initial oral ruling on Count I was not a final judgment on the merits for purposes of res judicata, Standley's counsel was not deficient for failing to object.

5

Furthermore, *Dempsey* is inapplicable to this case. Standley's reliance on *Dempsey* in support of the argument that the district court's oral ruling at the first probation revocation hearing constituted a final judgment for purposes of res judicata and thereby precluded the refiling of the same probation violation allegation is misplaced. As the State correctly notes, in *Dempsey* this Court considered "whether the doctrine of collateral estoppel prohibits a probationer from relitigating the merits of an alleged probation violation after a trial court has already found that the probationer violated the same term of probation *in a separate case*." *Dempsey*, 146 Idaho at 330, 193 P.3d at 877 (emphasis added). In *Dempsey*, the district court applied the doctrine of collateral estoppel to find Dempsey in violation of the terms of his probation based on a prior ruling by a different district judge in a different case that Dempsey had violated the same terms of his probation in that case. We held in that case that the defendant was not deprived of his right to due process by the trial court's application of collateral estoppel to find that he violated the terms of his probation in the subsequent case. Thus, *Dempsey* did not address the issue presented in this case, i.e., whether a court's prior oral ruling constitutes a final judgment for purposes of res judicata which would preclude the State from refiling a probation violation allegation.

For these reasons, the failure of Standley's counsel to object to the State's filing of the second motion to revoke probation after the court had already found the same allegation unproven at the first hearing, was not objectively unreasonable.

### 2. Prejudice

Standley has also failed to present a viable claim of prejudice, as required by the second prong of *Strickland*. Standley argues he was prejudiced by his counsel's failure to object to the relitigation of Count I because there was insufficient evidence to prove Count II. Specifically, Standley argues he did not violate either the special condition that required him to "complete the Suboxone program" or the general condition that required him to "meaningfully participate" in the Suboxone program. According to Standley, he did not violate these probation conditions because despite his failure to take the Suboxone as prescribed, he was meaningfully participating in other aspects of the treatment as evidenced by his clean urine tests, his abstention from heroin, and his participation at aftercare and relapse prevention as well as community support meetings.

The State argues Standley has failed to demonstrate that but for his counsel's deficient performance with regard to Count I during the second probation revocation hearing, the district

court would not have revoked his probation and ordered his sentence executed based on Count II. We agree.

The scope of post-conviction relief is limited. *Knutsen*, 144 Idaho at 438, 163 P.3d at 227. A petition for post-conviction relief is not a substitute for an appeal. I.C. § 19-4901(b). A claim or issue that was or could have been raised on appeal may not be considered in post-conviction proceedings. *Id.*; *Mendiola v. State*, 150 Idaho 345, 348-49, 247 P.3d 210, 213-14 (Ct. App. 2010).

Even if the performance of Standley's counsel was deficient for failing to object to the State's refiling of Count I, Standley does not directly argue that but for this deficiency the court would not have revoked his probation and executed his sentence based on a violation of Count II. Instead, Standley argues that there was insufficient evidence presented at the probation revocation hearing to support a finding that he violated the conditions of his probation as alleged in Count II. Standley previously raised this claim on direct appeal; such claims are a matter of proof and are barred from consideration in post-conviction proceedings.

Moreover, the court had emphasized at Standley's sentencing hearing that any violation of the conditions of his probation would result in the court revoking his probation and executing the underlying sentence. The court stated,

> This is an all or nothing sentence for Wesly Standley, because I am of the firm belief, Mr. Standley, that if you go back to using drugs, you will go back to dealing, and we will be right back here again. . . . You come back on *a* probation violation, you're gone. You are locked up for a long time.

(Emphasis added.) The court added, "I'm here to tell you, Mr. Standley, that is, in fact, a zero-tolerance probation." The district court finding that Standley had violated his probation as alleged in Count II at the first probation revocation hearing was independent from the subsequent finding that he had violated the probation condition alleged in Count I. Any single probation violation was sufficient on its own for the court to revoke Standley's probation, and thus no prejudice resulted from the refiling of Count I.

**B.    Judicial Notice**

Standley also asserts the district court abused its discretion by failing to rule on his motion to take judicial notice of the iCourt dockets in *State v. Shawn Dempsey*, Ada Co. CR-FE-1999-1070, and *State of Idaho v. Shawn Dempsey*, Ada Co. CR-FE-2002-617. Standley argues the district court has a mandatory duty under Idaho Rule of Evidence 201(d) to take judicial

notice when a party makes an oral or written request. According to Standley, reversal is required here because the district court violated its mandatory duty under the rule. Alternatively, he argues that even if harmless error analysis applies, the error in this case was not harmless because *Dempsey* conclusively demonstrates there was a final judgment and the post-conviction court erred in concluding otherwise.

The State argues judicial notice is mandatory when a party makes an oral or written request that a court take judicial notice of records, exhibits, or transcripts from the court file. According to the State, the court did not have any mandatory obligation to take judicial notice of the iCourt dockets because they are not records, exhibits, or transcripts from the court file but are simply listings or summaries of actions taken in those cases. The State also argues that Standley has failed to show that his claim of error can be addressed on appeal in the absence of an adverse ruling on his motion where he did not file a motion for a ruling below but elected to raise the issue in the appellate court. Finally, the State argues even if the district court erred in not ruling on the motion, the error was harmless because he attached the dockets to his memorandum in support of his motion to alter or amend the judgment and, thus, the dockets were included in the record below and presumably considered by the court. Moreover, the State argues that any error by the district court in failing to rule on the motion to take judicial notice is harmless.

There is no evidence in the record that the district court did not review the iCourt dockets that Standley attached to his motion to alter or amend. Regardless, any error the district court committed by failing to take judicial notice of the dockets in *State v. Shawn Dempsey*, Ada Co. CR-FE-1999-1070, and *State of Idaho v. Shawn Dempsey*, Ada Co. CR-FE-2002-617, was necessarily harmless because, as discussed above, *Dempsey* does not support the conclusion that Standley contends it does. Accordingly, reversal on this basis is not required.

### III.

### CONCLUSION

Standley has failed to meet his burden of proving ineffective assistance of counsel. Any error the district court committed by failing to take judicial notice of the iCourt dockets was harmless. Accordingly, we affirm the judgment of the district court dismissing Standley's petition for post-conviction relief.

Judge HUSKEY and Judge LORELLO **CONCUR**.

8